FILED

FEB 2 2 2010

DAVID CREWS, CLERK
By Houston
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. ATKINS | § | PLAINTIFF |
| | § | |
| vs. | § | CIVIL ACTION NO.: 1: 10CV40-A-D |
| | § | |
| KEN SALAZAR SECRETARY | § | |
| DEPARTMENT OF INTERIOR | § | DEFENDANT |

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

This action is brought pursuant to the provisions of Section 501 of the Rehabilitation Act of 1973 to correct unlawful employment practices, due to Defendant's perception of Plaintiff's diabetes. Plaintiff served as a law enforcement ranger for approximately 19 years. Plaintiff was also certified as a firefighter and participated regularly in that strenuous and arduous duty for the Park Service. In 2005, he was removed from his job as a law enforcement ranger, not because of his abilities, but because he has a disability: Type 1 diabetes. Even though diabetes never interfered with his ability to serve as a law enforcement ranger, Defendant demoted Plaintiff to a desk job where he has no law enforcement duties.

The National Park Service has previously admitted that it has no evidence to support its actions and its decision was based solely on a qualification standard that screens out those with diabetes regardless of how qualified they are to perform the job. Defendant has violated the Rehabilitation Act by its utilizing a qualification standard that screens out those with a disability. See 42 U.S.C. § 12112 (b)(6).

**JURISDICTION AND VENUE**

1.  This case is brought pursuant to the Rehabilitation Act of 1973, as amended, 29

U.S.C. § 791 ("Rehabilitation Act"). This Court has jurisdiction of this case according to 28 U.S.C. § 1331.

2. Plaintiff resides in Lee County, Mississippi. Venue is invoked pursuant to 28 U.S.C. Section 1391.

## PARTIES

3. Plaintiff, who resides in Lee County, Mississippi, is an individual with diabetes who has been employed by the National Park Service since 1984 and who continues to be employed by the National Park Service. During that time he served as a law enforcement ranger for the National Park Service for approximately 19 years after having been diagnosed with diabetes.

4. Defendant Ken Salazar is currently the Secretary of the Department of the Interior and may be served with process at The Office of the Attorney General, Eric H. Holder, Jr., Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530. A copy of this complaint is also served upon The United States Attorney for the Northern District of Mississippi, William Martin (acting United States Attorney), at 900 Jefferson Avenue, Oxford, Mississippi 38655-3608 and Ken Salazar, Department of the Interior, 1849 C Street, N.W., Washington DC 20240.

## STATEMENT OF CLAIMS

### COUNT ONE – DISCRIMINATION BASED ON DISABILITY

5. Plaintiff served as law enforcement officer for approximately 19 years and has served as a National Park Service ranger since 1984. He has a history of carefully managing his diabetes and its symptoms and had such system in place while maintaining his position as a law enforcement ranger.

6.     Plaintiff's diabetes has never interfered, in anyway, with his employment as a ranger. He has always be able to maintain his glucose levels and has never had an incident of hyperglycemia (high blood glucose values) or hypoglycemia (low blood glucose values).

7.     Plaintiff was evaluated twice yearly as to his ability to perform his duties and in no case did any evaluation ever state that he was unable to perform his duties; in fact, diabetes has never prevented the Plaintiff from performing his duties nor has it in anyway impaired his ability to perform his duties. To the contrary, he was evaluated positively both before and after he was diagnosed with diabetes.

8.     Beginning in 2001, Plaintiff was suspended from his law enforcement duties for approximately 14 months due to the erroneous perception of the Park Service that his diabetes substantially interfered with his ability to do his job. He was reinstated in 2002 after appearing before the Park Service medical board. After reinstatement in 2002, he again continued to function as a law enforcement ranger, with good evaluations.

9.     Ultimately, in September of 2005, Defendant revoked the Plaintiff's law enforcement commission and Plaintiff was told that Defendant had medically disqualified him. At no time was the Plaintiff unable to perform his duties nor had he ever been evaluated as having been unable to perform his duties. But still, the National Park Service concluded that because of his diabetes Plaintiff could not perform the essential functions of his position with or without reasonable accommodation. In fact, the opposite is true. All assessments by the National Park Service of the Plaintiff's performance have shown that he has been able to perform the strenuous and arduous duties of a law enforcement ranger and firefighter and that there is no difference in his performance and any other such person who does not have diabetes. This action on the part of the Park Service was not

based on medical information evidencing the Plaintiff's inability to perform his duties due to diabetes. Instead, it was wrongly based on stereotypes about the condition.

10. The Plaintiff pursued a complaint through the EEOC process, which culminated in a hearing before an administrative law judge; this action is filed pursuant to that decision and to challenge the disability discrimination he experienced. He has exhausted his administrative remedies. After the Department of the Interior issued a final order on his complaint, he timely appealed to the Equal Employment Opportunity Commission on August 6, 2007. More than 180 days have passed without the EEOC's having decided Mr. Atkins' appeal, which remains pending.

11. Plaintiff's diabetes is a disability under the Rehabilitation Act because it is a physical impairment of the digestive and endocrine systems that substantially limits several life activities, including eating and caring for himself and metabolizing food. Normally during digestion the body changes sugars, starches and other foods into glucose. The vascular system then carries this glucose to cells throughout the body. With the help of insulin, the glucose enters the cells and becomes energy. Without insulin, glucose (sugar) builds up in the bloodstream resulting in hyperglycemia (excessive glucose in the bloodstream). Left untreated for long enough, severe hyperglycemia will cause death. Until 1921, when insulin was discovered, all individuals with this type of diabetes simply died. With the discovery of insulin, patients could introduce insulin back into their bloodstream and avoid this hyperglycemia. With careful monitoring and extreme diligence in the way he cares for himself, Plaintiff can function well even in a very strenuous job.

12. Plaintiff has learned to manage his blood glucose levels since being diagnosed with diabetes. He has followed medical regimes prescribed for managing his diabetes and presently wears an insulin pump, having done so for some time. The Plaintiff's careful management of his diabetes

has allowed him to thrive and excel in his career in law enforcement.

13. Plaintiff frequently monitors his blood glucose level and administers insulin through the insulin pump as necessary. His willingness to undergo the sacrifices of good diabetes managment has shown in his work performance. He has proven himself in his job, despite having diabetes.

14. Plaintiff's diabetes substantially limits his major life activities of eating, caring for himself and metabolizing food.

15. Plaintiff is a qualified person with a disability and has met all of the requirements of a law enforcement ranger. He has performed, and can continue to perform, the essential functions of the position with or without reasonable accommodation and without endangering the health and safety of himself or others; as such, Plaintiff is protected by the Rehabilitation Act. The only reason the Defendant revoked Plaintiff's law enforcement commission was because Plaintiff has diabetes and Defendant acted on stereotype and speculation instead of Plaintiff's abilities.

16. Although the Defendant was provided with ample evidence about Plaintiff's abilities, including his medical records and his long record of fine work performance, Defendant has repeatedly stated that it routinely restricts people with diabetes from those situations which Defendant says would place them or others at risk and has also stated that all people with diabetes present that risk. Defendant then revoked Plaintiff's law enforcement commission; this was done without substantial evidence or any evidence whatsoever that would show that Plaintiff could not show his essential duties.

**COUNT TWO – DISCRIMINATION BASED ON REGARDED AS HAVING A**

## DISABILITY AND RECORD OF A DISABILITY

17. Plaintiff re-alleges paragraphs one (1) through sixteen (16) of his complaint, as if restated in full herein.

18. The Defendant regarded the Plaintiff as having a disability which substantially limits life activities, such as caring for himself, metabolizing food, eating and working. The Defendant had a view of Plaintiff that his diabetes made him unfit for law enforcement and unable to work in stressful and difficult situations. It perceived his diabetes as being uncontrolled and a direct threat to himself or others. If Plaintiff were as impaired as Defendant viewed him he could work in no law enforcement jobs; law enforcement is a class of jobs. Plaintiff has been able to perform all of the essential duties of law enforcement ranger since being diagnosed with diabetes; therefore, there is no basis for the Defendant's perception.

19. The Defendant incorrectly assumed that with diabetes it was impossible for Plaintiff to perform the essential functions of a law enforcement ranger with or without reasonable accommodation. If Plaintiff's impairment had existed as perceived by the Defendant he would be disabled in multiple life activities.

20. Defendant also acted on writings that branded Plaintiff as having a disability and removed him from his job because of that medical diagnosis.

21. The Defendant's revocation of the Plaintiff's law enforcement commission constitutes an adverse employment action and discrimination in violation of the Rehabilitation Act.

## RELIEF REQUESTED

David A. Atkins, the Plaintiff, respectfully requests that the Court:

A. Order the Defendant make him whole, including, but not limited to,

reinstating him as a law enforcement ranger and paying him appropriate back pay, front pay and benefits with prejudgement interest in amounts to be proven, compensatory damages, and other affirmative relief necessary in order to eradicate the effects of its unlawful employment practices; an

B. Order the Defendant to pay Plaintiff his costs, expert witness fees, and reasonable lawyer fees incurred in pursuing the matter herein; and

C. Award the Plaintiff such other relief, either legal or equitable, as may be warranted.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: _____
JIM WAIDE
MISSISSIPPI BAR NO: 6857

WAIDE AND ASSOCIATES, P. A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
Telephone: (662) 842-7324
Facsimile: (662) 842-8056
Email: waide@waidelaw.com

ROBERT E. MCKNIGHT, JR., ESQ.
JOHN W. GRIFFIN, JR., ESQ.
203 N. LIBERTY STREET
VICTORIA, TEXAS 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040
Email: mcknightr@lawmgk.com

Attorneys for Plaintiff David A. Atkins