

# United States Department of the Interior

**NATIONAL PARK SERVICE**
1849 C Street, N.W.
Washington, D.C. 20240

IN REPLY REFER TO:

A7615(2460)

August 12, 2005

**Electronic Copy -- No Hard Copy to Follow**

MEMORANDUM

To:        Park Ranger, David Atkins, Natchez Trace Parkway

Through:   Superintendent, Natchez Trace Parkway

Through:   Director, Southeast Region

From:      Acting Associate Director, Administration
           Business Practices and Workforce Development

Subject:   Medical Board of Review Determination

On April 20, 2005, Dr. Larry Saladino signed the addendum to the National Park Service Medical Review Form determination of March 30, 2005 notifying you that the final results of your medical testing had been reviewed. It was found that you have significant medical findings pertaining to your medical condition of Insulin Dependent Diabetes Mellitus (IDDM). This document stated that you were not medically qualified to perform the duties of a US Park Ranger Law Enforcement (LE) with the National Park Service at the Natchez Parkway.

On April 6, 2005, the acting Medical Standards Program Manager offered you the opportunity to appear before the Medical Review Board on April 25, 2005. The purpose of the Board was to afford you the opportunity to provide information relative to your ability to successfully and safely perform the essential duties of a law enforcement ranger and to review your compliance with the initial waiver granted you on July 24, 2002.

000751

EXHIBIT "9"

In order to render a decision the Board considered written documentation including: blood glucose logs over the last year; one exercise log; medical reports from Dr. Sherry A. Martin, The Endocrine Clinic, Diabetes, Endocrinology, and Metabolism, Tupelo, Mississippi; HbG A1c lab results; Dr. Mothershed's ophthalmologic reports from 1999 to November 9, 2004; the specific job requirements and environmental conditions of your position at the time of the medical review; documentation submitted by you to include your most recent Physical Fitness Battery (PEB); your testimony to the MRB; written documentation from your supervisor and others on your behalf; the waiver granted to you on July 24, 2002; and the Board's knowledge of the duties of a Park Ranger (LE).

The Medical Review Board made the determination not to grant you a waiver of your medical condition from the established medical standards based on the factors outlined below.

1. Your diabetic condition, as described by your physician, is not well controlled. Noted on your chart of January 25, 2005 is the following "he doesn't check enough to correct BG accurately" and on July 8, 2004 "...the pump just can't compensate for these eating habits."

2. You have had several incidents of hypoglycemia and stated to the MRB that you did not need to take sick leave due to the episodes of hypoglycemia. Your most recent Log Book Report spanning 3/14/2005 – 4/13/2005 revealed seven episodes of hypoglycemia with blood sugars recorded as *40* on March 25, 2005: *42* on March 29, 2005: *44* on March 31, 2005: *46* on April 8, 2005: *44* at 4:40 pm and then *38* at 8:24 pm on April 10, 2005, and *48* on April 11, 2005. Your log book spanning January 22, 2005 through February 21, 2005 revealed eleven days with one or more episodes of hypoglycemia.

3. Your diabetic condition has been monitored for several years, and despite close monitoring with Dr. Sherry A. Martin, The Endocrine Clinic, Diabetes, Endocrinology, and Metabolism, Tupelo, Mississippi, requirements of a medical waiver granted by the National Park Service and use of an insulin pump, your diabetes is not static and stable as outlined in 5 CFR 339, Medical Qualification Determinations.

4. You have not been diligent in monitoring your blood sugar levels as documented in your medical chart and as required by your initial waiver. The Medical Standards Office has not received the required quarterly logs.

5. According to the medical file, your blood sugar fluctuations are largely due to your failure to maintain a proper diet and nutrition as required to control your diabetes. Dr. Martin hoped to stabilize your HGB A1C as stated, "the American Diabetes Association recommended goal for this value is less than or equal to 7.0 and this will be my personal goal for his level of control", (letter dated May 22, 2001) however most of your HGB A1C levels have remained

consistently above 8.0 and as high as 10.2, which demonstrates you have not controlled your diabetes.

6. As part of the initial waiver, you were required to submit exercise logs to your supervisor or to the Medical Standards Office. You have not done so.

7. **You have not provided documentation on a quarterly basis to the Medical Standards Office that your diabetic condition is continuing to be controlled through use of the insulin pump on a quarterly basis as required by your initial waiver.**

The record demonstrates repeated and significant blood sugar fluctuations that the MRB has determined undermine your ability to perform the essential functions of your position of law enforcement ranger. In addition, based on your medical history since 2002, you were given an initial waiver pending the anticipated improvement in your medical condition through diet and exercise. The MRB has also determined there is no reasonable accommodation that can be given to you to continue as an arduous duty Law Enforcement Ranger in the National Park Service, Natchez Trace Parkway.

You should be aware that your commission as a law enforcement ranger may be affected by this determination and your retirement benefits related to your law enforcement commission may be affected as well. The National Park Service, Natchez Trace Parkway and Human Resources will attempt to identify any other positions for which you may be qualified for within the Department of Interior, but cannot guarantee that any such position is available.

I am committed to protecting your health and safety, as well as maintaining the National Park Service's strong responsibility and commitment to public safety and maintaining a safe work environment for all of its employees. If you have any questions or need further information, please contact Tammy Keller at 912-267-2137 or Sonya Rowe at 202-513-7231.

Please sign and date below to acknowledge receipt and understanding of this memorandum.

_____     _____
David A. Atkins                                                                                          Date

000753