Form DI-1892
REV. 3/98
U. S. Department of the Interior
Complaint of Discrimination

**1. Complainant's Name:** David A. Atkins
**Street Address:** 1235 E. Bristow Dr
**City, State, Zip Code:** Tupelo MS 38801
**Home Phone:** 662 680 5299

**Place of Employment:** Natchez Trace Pkwy.
**Address:** 2680 Natchez Trace Pkwy
**City, State, Zip Code:** Tupelo MS 38804
**Work Phone:** 662 680 4031

**2. DOI Office you believe discriminated against you:**
**Bureau:** National Park Ser.
**Address:** 1861 Eye St NW
**City/State:** Washington D.C.
**Division/Office:** Law Enforcement & Emergency Ser.
**Region:** WASO

**3. Basis(es) for believing you were discriminated against?** (Check one or more, and provide the specific Information.)

( ) Race
( ) Color
( ) Religion
( ) Sex
( ) National Origin
( ) Age (Date of Birth)
(X) Physical Handicap
( ) Mental Handicap
( ) Reprisal is so, Date of previous EEO activity:

**4. Allegation(s) of discrimination?** (For each allegation, state the date and the specific incident causing you to believe that you have been discriminated against. FOR EXAMPLE: I was discriminated against on January 1, 1992, when I was not selected for the position of Analyst. (Use additional pages as necessary.)

I was discriminated against starting in 2002. I am an insulin dependent Diabetic. I was removed from my Duties. On 6-20-05 my →

**5. Have you discussed your complaint with an EEO Counselor?** (X) Yes ( ) No
If yes, name of Counselor:

Date you first contacted the Counselor: 6-20-05 latest - (2002 start)

**6. Are you agreeable to using the Alternative Dispute Resolution (ADR) process?** (X) Yes ( ) No

**7. Have you presented these allegations to any other forum?** If so, please indicate:
( ) Negotiated Grievance Procedure ( ) Merit Systems Protection Board ( ) Court (Civil Action)

**8. List the remedies which you believe will resolve your complaint:** (Use additional pages, as necessary.)
1) Return to Full duty
2) Change in medical Policy so this process will not be hanging over me each day →

**9. Complainant's Signature:** Dail Atkin   **Date:**

**10. For Agency Use:**
Complaint Docket Number: # FNP-2005-087   Date Received:

EXHIBIT "12"

OCT 18 2005

000001

#8.
I fear that, due to the fact this process caused me to loose 13 months of duty in 2001-02 and now approaching nine weeks in 2005, I will have to report to work each day with the fear of going through all this again.

I the Policy would allow the Ranger to work with their own Doctor this would not be a problem

OR

"Grandfather" in the Ranger's that are or were on full duty status prior to the July 1994 start of the Park Services Medical Standards

000002

#FNP-2005-087

2680 Natchez Trace Parkway
Tupelo, MS 38804
08/22/2005
Secretary Gale Norton
Department of the Interior
1849 C Street, NW
MS-MIB-5221
Washington, DC 20240

Dear Secretary Gale Norton,

I am filing this formal complaint of discrimination against me by the Ranger Division and the Superintendent of the Natchez Trace Parkway, Wendell Simpson.

I am an insulin dependant diabetic. I have recently been placed on restricted duty, non-law enforcement, as of March 30, 2005. I appeared before the DOI Medical Board on April 25, 2005. Sense this date I have been placed behind a desk and given tasks to perform that no other Ranger on the Trace or in the Service has been requested to.

My first task was a form that I was filling out to show my "Hourly" activity. I did get my EEO Rep. involved and this form was rewritten to show my "Weekly" activity. This form was from my District Ranger Kim Korthuis to the Chief Ranger Charles Cuvelier.

I have been ordered not to perform Law Enforcement duties by the Medical Board but in June 2005 I was allowed to work overtime on "Backfill" for Ranger Korthuis by Ranger Cuvelier. My overtime pay was classified as Law Enforcement work, as long as I did gun armor tasks, so the funds could be able to pulled off the back fill log. I did this backfill work for three weeks. I was then told by Ranger Cuvelier that he had never told me I was allowed to work LE Backfill and I was told to stop. The backfill money was not used by any other Ranger.

I feel that this treatment is due to me having diabetes. I feel these actions will continue with any other duty the Park places me in.

Sincerely,

*[signature]*

David Atkins

Park Ranger
National Park Service
daa

000003

September 12, 2005

To: Sectary Gail Norton

From: David A. Atkins

I would like to take this time to amend my formal complaint against the National Park Service, Natchez Trace Parkway Superintendent Wendell Simpson and Chief Ranger Charles Cuvelier.

I have a copy of a FAX from Mr. Simpson's office through Mr. Cuvelier address to South East Regional Director Pat Hooks. In the letter they request my Law Enforcement commission be revoked due to the Park Service's Medical Boards findings in my case. This letter came after I filed my original formal complaint and I have been informed by the SE Regional Human Resource office that Ms. Hooks conducts her investigation and then informs the park.

I feel my discrimination charge against the mentioned Natchez Trace Parkway staff caused them to jump the gun and try to have me removed from my duties. I feel they are trying to persuade Ms. Hooks into a decision or at least put her in the mind set not to look at my 19+ years of service with out one bad mark on my record.

Thank You for your consideration in investigating this on going situation.



# United States Department of the Interior

NATIONAL PARK SERVICE
Southeast Regional Office
Atlanta Federal Center
1924 Building
100 Alabama St., S.W.
Atlanta, Georgia 30303

IN REPLY REFER TO:
P1417(SER0)

SEP 2 7 2005

Mr. David Atkins
c/o Natchez Trace Parkway
2680 Natchez Trace Parkway
Tupelo, Mississippi 38804

Dear Mr. Atkins:

In response to the September 2, 2005, correspondence received by Secretary of the Interior Gale Norton, we have been requested to reply to your formal complaint of discrimination against Natchez Trace Parkway Superintendent Wendell A. Simpson and the Parkway's Ranger Division.

In August 2004, you were not medically cleared for arduous duty as a National Park Service Law Enforcement Officer under the National Park Service's Medical Standards Program because of your medical condition (Insulin Dependent Diabetes Mellitus [IDDM]). You had the opportunity to continue your normal duties under a medical waiver provided that you met certain conditions including improvement in the control of your diabetes, weight loss, exercise program, consistent glucose monitoring and logs, and a close working association with your endocrinologist and the Medical Review Board.

In April 2005, as a result of your non-compliance with medical waiver requirements, the Medical Standards Program Manager for the National Park Service recommended that you be placed in temporary light-duty status. This recommendation included refraining from the arduous duties of your position including law enforcement, emergency medical, or search and rescue that may endanger your health and safety or that of the public.

In keeping with the recommendation of the Medical Standards Program Manager, you were placed in a light duty status. You were directed to refrain from the arduous duties of your position, while continuing to perform the remainder of your responsibilities. Since the remainder of your duties would not normally occupy 100 percent of your time, and you would need to perform this work independently, some experimentation and adjustments were expected. In furtherance of this, you were instructed by your supervisor to submit reports concerning your activities to aid in ensuring that your time was fully utilized and that worthwhile work was being performed and completed.



000005

Backfill funding was authorized for the Tupelo District as a result of the dispatch of District Ranger Kim Korthuis. Some of your time may have inadvertently been charged to the backfill account, apparently due to some confusion by the district staff. Since you could not perform law enforcement duties, it is questionable that your time could be charged to backfill. When this situation came to the attention of Chief Ranger Charles Cuvelier, he immediately decided that it was not appropriate and prohibited it. This had nothing to do with you per se but rather was a cost accounting matter.

The actions taken by the Natchez Trace Parkway have been entirely within normal supervisory parameters for assigning and verifying the completion of work, the requirements of Director's Order/Resource Manual-57, and the recommendations of the Service's Medical Standards Program Manager.

A copy of your letter is being forwarded to Melvin Fripp, Assistant Regional Director, Equal Opportunity and Diversity Programs, Southeast Region. If you would like to contact him, he can be reached at 404-562-3103, ext. 582.

Sincerely,

*Patricia A. Hooks*

Patricia A. Hooks
Regional Director
Southeast Region

cc: Melvin Fripp

October 1, 2005

Amendment to Formal Complaint filed by Ranger David A. Atkins

Amendment #3 – Formal Complaint of Discrimination by staff at NATR.

I have worked for the Natchez trace Parkway for 14 years as a Law Enforcement Ranger. These positions come with an assigned take home patrol car. When I was placed on restricted duty for 13 months in 2001-2002. I was assigned the unmarked Jeep Cherokee for my take home vehicle.

On March 30, 2005 I was called to Chief Ranger Charles Cuvelier's office, where he and Ranger Korthuis were waiting. At that time I was placed on restricted law enforcement duty again. One of the many restrictions, I am not allowed to drive my marked patrol car again. I was then issued the Park owned 1994 Ford Crown Vic. unmarked civilian car ("I" Car ) by Chief Ranger Cuvelier, until my case is resolved. Due to the condition of the vehicle, no one else cares to operate it either.

On September 22, 2005 I received a letter from Pat Hooks , SE Regional Director, revoking my Law Enforcement Commission. See Amendment #2.

The latest adverse action against me:

On Thursday, September 29, 2005 Deputy Chief Ranger Marty Huseman and Tupelo District Ranger Korthuis called me into Head Quarters for a meeting at 1300 hours. In route to this meeting I was called by my wife, who was being taken to a medical facility for chest pains. I arrived at HQ and entered Deputy Chief Ranger Huseman's office at 1300 hours, but she was in a meeting with Ranger Dave Hajdik. I informed her of my wife's situation and asked how long my meeting would take, she replied 10 minutes.

She spent the next five minutes finishing her meeting with Ranger Hajdik. Then left her office to search for Ranger Korthuis. After several minutes, she returned with Ranger Korthuis. On their return she requested for me to go into the Chief's office. Ranger Huseman then spent time explaining the letter from Pat Hooks and told me she needed to collect my commission, badges and weapon. She then made the decision that I needed to turn in this equipment on Friday, without checking my work schedule. All the while, Ranger Korthuis did not inform Deputy Chief Huseman he schedules my days off; Fridays and Saturdays.

Ranger Korthuis, with even less consideration for my wife's condition, asked if I could get these items and turn them into Ranger Huseman at that moment. I told them I would turn in all the equipment on Sunday, which was my next day to work. I explained all these items were locked in a safe in my office (which Ranger Korthuis is fully aware of).

000007

Ranger Huseman then told me, due to the letter from Pat Hooks, I needed to turn in the "I" car. I informed her of the decision made in March by Chief Ranger Cuvelier (who was presently out of town) and she did not take into consideration of my concerns for my wife and told me to turn in the car. I reminded her that I did not have a car available to get to and from work, which we had previously discussed while a new battery was installed in the "I" car on Wednesday, September 28th. I question now, if Chief Ranger Cuvelier was even contacted and why Ranger Korthuis did not speak in my behalf, due to the fact he was present when Cuvelier made his decision that I could drive the "I" car to and from work as my take home car.

Ranger Huseman told me I was still in the same Ranger position and same Grade Scale, (the position that allows the take home car), but she still asked me to turn in the car. I asked if I was to turn the "I" car in right then, without any way to get to my wife.

With all this taking place Ranger Korthuis still asked if Ranger Huseman wanted me to go to the Ranger office and get my commission, badges and weapon to turn into her. Once again, showing NO regard for what my wife was getting through and NO regard for me trying to get to her and the medical facility.

Again, Rangers Korthuis and Huseman had to discussed my days off and when I needed to turn in all my equipment. They attempted to decide on what to get and what to store in the district office, all the while I was waiting to find out about my wife's condition.

Ranger Korthuis asked Ranger Huseman if he needed to drop me off at the medical facility or at my wife's employment or just where to take me. Ranger Huseman then told Ranger Korthuis to take me to my wife, but she stated "it is not appropriate to use government vehicles for personal business anyway."

I am still held to a different standard than all other employees. Rangers use their issued cars for personal errands every day, including when Ranger Korthuis had to pick up his wife due to a medical problem when she was shopping at the mall and take her home. Rangers Huseman and Korthuis continued to debate more on how I was getting to my wife, my wife's car or home. They decided Ranger Korthuis would take me to my wife.

Once the meeting was over, I requested if I could obtain my medical bag, (which I am required to carry at all times according to the restrictions), from the "I" car. Then Ranger Korthuis took the keys to the car from me and drove me to the medical facility's parking lot and left me there.

This meeting was not appropriate due to the concern I was having for my wife. I feel the ongoing Discrimination towards me is due to my diabetes, which was the cause of this waste of time. Time I needed to get to my wife. Ranger Korthuis was fully aware of all my equipment and weapons in the safe. Even so, after 19 years of service, waiting three days until I would return to work to have this meeting would not have been an unreasonable request or waiting till Sunday to collect my equipment would not have caused any concerns or problems. Getting to my wife should have been priority and holding me to this meeting shows how I have been treated by this Park's staff. No regard for me as a person. Just another adverse action to drive me to quit.

The concern of the take home car, Ranger Huseman stated I am still in the same Ranger position, the position listing a take home car. Chief Ranger Cuvelier had already

authorized me the use of the "I" car until my case is resolved. Now to add further hardship Ranger Huseman takes this car away, knowing it will sit in the maintenance yard and not be used by anyone. This action of further Discrimination against me in this case and the additional financial burden placed on me to find a vehicle in two days, when my take home pay has been reduced approximately $1000 a month (due to lack of Holiday pay, overtime and night differential). This action adds to the pain and suffering to me and my family as the daily hardships the Park is placing on us.

My wife's health is being effected due to these actions the government is taking against me. My children are asking me what I have done wrong. They have noticed that I have not returned to regular duty and that my attitude is changing for the worse. My 11 year old has asked me why I can not come to school and talk to her class about being a Park Ranger.

I feel I am continually being discriminated against by Superintendent Simpson, Rangers Cuvelier, Huseman and Korthuis in this action due to the Park Service's Medical Standards on diabetes. These actions mentioned in this formal complaint are not warranted by me or my family. Once again, I dread reporting to work tomorrow and finding out what other further actions have been placed against me.


David A. Atkins
Park Ranger
Natchez Trace Parkway



7005 1160 0004 3168 9739

CERTIFIED MAIL

Atkins
1235 E Bristow
Tupelo, MS 38801

Dianne A. Spriggs
EEO Program Manager
National Park Service
Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240-0001

000010